## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,** ) ) ) | |
| **Plaintiff/Counter Defendant,** ) ) ) | |
| **v.** ) ) | **Civil Action No. 2024-0004** |
| **LIMETREE BAY TERMINALS, LLC,** ) ) ) | |
| **Defendant/Counter Claimant.** ) ) ) | |

**Attorneys:**
**Andrew C Simpson, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Mark W. Eckard, Esq.**
Wilmington, DE
    *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant/Counter Claimant Limetree Bay Terminals, LLC's ("Ocean Point") Motion to Transfer (Dkt. No. 2), Plaintiff/Counter Defendant Port Hamilton Refining and Transportation, LLLP's ("Port Hamilton") Opposition thereto (Dkt. No. 10), and Ocean Point's Reply (Dkt. No. 12). Also before the Court is Ocean Point's Motion for Reconsideration (Dkt. No. 22) and Memorandum in support thereof (Dkt. No. 23), as well as Port Hamilton's Motion to Remand (Dkt. No. 8) and Port Hamilton's Motion to Dismiss (Dkt. No. 16). For the reasons discussed below, the Court will grant in part and deny in part Ocean Point's Motion to Transfer and grant in part and deny in part Ocean Point's Motion for Reconsideration.

The Court will transfer this case to the United States District Court for the Southern District of Texas for appropriate action and the ultimate determination of subject matter jurisdiction. In light of the transfer, the Court will deny as moot Port Hamilton's Motion to Remand (Dkt. No. 8) and Port Hamilton's Motion to Dismiss (Dkt. No. 16), to the extent that they relate to this Court's adjudication of the issues raised.

## I.      BACKGROUND

Port Hamilton initiated this action on December 27, 2023 in the Superior Court of the Virgin Islands (Dkt. No. 1-1 at 8). In its First Amended Complaint ("FAC"), filed February 1, 2024, Port Hamilton asserts a number of Virgin Islands property law claims against Ocean Point. (Dkt. No. 1-1 at 46-60). Port Hamilton alleges that, in 2021, a company formerly affiliated with Ocean Point—Limetree Bay Refining, LLC—declared bankruptcy. *Id.* at 35. The bankruptcy proceedings were overseen by the United States Bankruptcy Court for the Southern District of Texas. *Id.* During these bankruptcy proceedings, Port Hamilton purchased substantially all of Limetree Bay Refining, LLC's assets, including the oil refinery located on St. Croix. *Id.* at 34-38. Port Hamilton alleges that Ocean Point now "claims that it owns certain above-grade refinery assets (the "AGRA") located on the real property purchased by Port Hamilton" at the bankruptcy proceedings. *Id.* at 41. Ocean Point's alleged assertion that it owns the AGRA—and the actions Ocean Point allegedly has taken in connection therewith—undergirds each of Port Hamilton's property law claims. *Id.* at 46-60.

Ocean Point removed the case to this Court on February 15, 2024 (Dkt. No. 1). On that same date, Ocean Point filed a Motion to Transfer (Dkt. No. 2), requesting that the Court "transfer venue of this action . . . to the United States Bankruptcy Court for the Southern District of Texas." *Id.* at 1. Ocean Point argues, *inter alia*, that the FAC relates to the bankruptcy proceeding from the

United States Bankruptcy Court for the Southern District of Texas, and that as such, the United States Bankruptcy Court for the Southern District of Texas is the proper venue for hearing this matter. *Id.* at 1-4.

On April 5, 2024, Port Hamilton filed a Motion to Remand (Dkt. No. 8), requesting that the Court remand the matter to the Superior Court of the Virgin Islands. *Id.* at 2. Port Hamilton argues, *inter alia*, that the FAC does not arise out of or relate to the bankruptcy proceeding referenced by Ocean Point and, thus, this Court lacks subject matter jurisdiction over its claims. Ocean Point opposes a remand to the Superior Court of the Virgin Islands (Dkt. No. 12), and Port Hamilton opposes a transfer to the United States Bankruptcy Court for the Southern District of Texas (Dkt. No. 10).

On July 18, 2024, the Court referred, *inter alia*, the Motion to Transfer and the Motion to Remand to Magistrate Judge Emile A. Henderson III for a Report and Recommendation ("R&R"). (Dkt. No. 21). Ocean Point then filed its Motion for Reconsideration (Dkt. No. 22), requesting that the Court (1) refer this action to the District Court of the Virgin Islands Bankruptcy Division and (2) reconsider and vacate its Order referring the pending Motions for an R&R. *Id.* Ocean Point asserts that reconsideration "is necessary to correct clear error or prevent manifest injustice because this Action arises in or is related to a case under [the United States Bankruptcy Code] and, thus, should automatically be referred to the Bankruptcy Judge [pursuant to] Local Bankruptcy Rule 5011-1." *Id.* at 2.

Port Hamilton has not filed a response to Ocean Point's Motion for Reconsideration and the time for doing so has expired. Thus, the Motion for Reconsideration is ripe for the Court's review.

## II.      APPLICABLE LEGAL PRINCIPLES

### A.  Motion to Transfer

"A district court may transfer a case or proceeding under [the United States Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "Section 1412 also governs motions to transfer cases that are related to bankruptcy proceedings." *Fire Ground Techs., LLC v. Hometown Restoration, LLC*, Civil Action No. 21-19915, 2022 U.S. Dist. LEXIS 87589, at *5 (D.N.J. May 16, 2022); *see also Tatum v. Chrysler Grp., LLC*, No. 10-4269, 2011 U.S. Dist. LEXIS 144831, at *3 (D.N.J. Dec. 16, 2011) (explaining that courts in the Third Circuit have "consistently" applied Section 1412 to cases that are related to bankruptcy proceedings); *O'Brien v. Gladstone*, Civil Action No. 13-cv-6578, 2014 U.S. Dist. LEXIS 89284, at *9 (D.N.J. July 1, 2014) (citing *Maritime Elec. Co., Inc. v. United Jersey Bank*, No. 90-6057, 1992 U.S.App. LEXIS 5144, at *11-12 (3d Cir. Mar. 24, 1992) ("While § 1412 speaks only of proceedings under the Bankruptcy Code, the Third Circuit has held that § 1412 is the appropriate method for transfer of cases that are 'related to' a bankruptcy proceeding.").

"[S]ection 1412 largely include[s] the same criteria for transfer of cases as [S]ection 1404(a)." *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995). "A non-exhaustive list of factors that [] may be considered when determining whether transfer in the interests of justice is appropriate under Section 1412 include: (1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum." *Perno v. Chrysler Grp., LLC*, Civil Action No. 10-5100, 2011 U.S. Dist. LEXIS 24251, at *10-11 (D.N.J. Mar. 10, 2011). In the context of a

motion to remand, "[p]rincipal among these factors is the home court presumption, a recognition that the 'home court' of the bankruptcy to which the removed case is related is often 'in the best position to evaluate the claims and determine whether remand is appropriate.'" *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *5 (quoting *George Junior Republic in Pa. v. Williams*, Civ. A. No. 07-4537, 2008 U.S. Dist. LEXIS 22682, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008)).

### B. Motion for Reconsideration

"To prevail on a motion for reconsideration, a party must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct clear error of law or fact or to prevent manifest injustice." *Newrez LLC v. Plaskett*, Civil Action No. 2015-0070, 2024 U.S. Dist. LEXIS 27885, at *2-3 (D.V.I. Feb. 18, 2024) (cleaned up) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds).

"Under the established law, clear error exists if, after reviewing the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Newrez*, 2024 U.S. Dist. LEXIS 27885, at *3 (cleaned up) (quoting *Atl. Basin Ref., Inc. v. Arclight Capital Partners, LLC*, Civil Action No. 2015-0071, 2019 U.S. Dist. LEXIS 244620, at *2 (D.V.I. Nov. 7, 2019)). "In the context of a motion to reconsider, manifest injustice generally means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Id.* (quoting *Greene v. Virgin Islands Water & Power Auth.*, No. 06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *2 (D.V.I. Oct. 5, 2012)). "Manifest injustice has also been defined as an error in the trial court that is direct, obvious, and observable." *Id.* (quoting *Greene*, 2012 U.S. Dist. LEXIS 144382, at *2). "Reconsideration 'is an extraordinary remedy and should be granted sparingly.'" *Id.* (quoting

*Boldrini v. Wilson*, No. CV-11-1771, 2013 U.S. Dist. LEXIS 22249, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013)).

## III.    DISCUSSION

After weighing the relevant factors under Section 1412, the Court concludes that the District of the Virgin Islands is not the appropriate venue for the ultimate determination of whether subject matter jurisdiction exists over the claims in the FAC. Rather, a transfer to the Southern District of Texas is warranted, as the United States Bankruptcy Court for the Southern District of Texas is in the best position to assess whether the FAC arises out of or relates to a bankruptcy proceeding, or alternatively is a Virgin Islands Superior Court matter.

The Court will first address the propriety of a transfer prior to a determination of subject matter jurisdiction.  Port Hamilton asserts that such a transfer is not permissible because "a transfer under section 1412 necessarily assumes that the bankruptcy court has jurisdiction" and, here, Port Hamilton contests the bankruptcy court's jurisdiction. (Dkt. No. 10 at 2-4).  However, Port Hamilton has provided no legal support for this proposition, which runs counter to the approach taken by district courts within this circuit. *See Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *7-8 (transferring case to home court to determine whether bankruptcy jurisdiction exists); *Perno*, 2011 U.S. Dist. LEXIS 24251, at *10-13 (same); *see also Thomason Auto. Grp., LLC v. China Am. Coop. Auto., Inc.*, No. 08-3365, 2009 U.S. Dist. LEXIS 22669, at *12 (D.N.J. Feb. 27, 2009) ("Generally, courts defer to the home court of the bankruptcy to decide the issue of remand or abstention."). Thus, the Court may transfer this action to the Southern District of Texas without assuming that bankruptcy jurisdiction exists, instead reserving the jurisdictional issues for the transferee court to address.

Turning to the Section 1412 factors, the home court presumption—the "principal" factor in the interests of justice analysis, *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *5—weighs heavily in favor of transfer. The FAC alleges that Port Hamilton purchased the property in dispute at a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Texas. (Dkt. No. 1-1 at 35-41). As such, the Southern District of Texas is the home court, and there exists a presumption in favor of transfer to this venue. *See In re Emerson Radio Corp.*, 52 F.3d at 55.

Further, the home court presumption is particularly strong where no party to the action wants the case to remain in the current court and the matter ultimately does not belong in the current court. *See Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *6 (quoting *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD, Inc.*, Civ. A. No. 21-114, 2021 U.S. Dist. LEXIS 44664, at *22 (E.D. Pa. Mar. 10, 2021)). In *Fire Ground*, the defendant removed the case to the District Court for the District of New Jersey, but sought a transfer to a federal bankruptcy court in a different jurisdiction that was overseeing the defendant's bankruptcy case. The plaintiffs sought a remand to state court. The court found that the action did not belong in the District Court for the District of New Jersey and that transfer was warranted. It explained that "[t]he home court presumption is 'particularly strong' where, as here, 'the court to which the case was removed has no interest in the proceedings but is the court to which the removal law required the case to be removed' and 'nobody actually wants this case to remain in this Court.'" *Id.* at *6 (quoting *Int'l Union*, 2021 U.S. Dist. LEXIS 44664, at *22).

Here, much like in *Fire Ground*, neither party to the action wants the case to ultimately remain in this Court. Port Hamilton seeks a remand to the Superior Court of the Virgin Islands (Dkt. No. 8), and Ocean Point requests that the Court transfer the matter to the United States

Bankruptcy Court for the Southern District of Texas (Dkt. No. 2). In light of the fact that the parties agree that the matter does not ultimately belong in this Court, the home court presumption applies with even greater force here.

The other Section 1412 factors fall far short of rebutting the home court presumption. First, the economics of estate administration and judicial efficiency are both furthered by transfer to the Court with familiarity over the estate and corresponding bankruptcy proceedings. Thus, these factors weigh in favor of transfer. *See Waleski v. Montgomery*, No. 3:18-CV-1144, 2018 U.S. Dist. LEXIS 208727, at *16-17 (M.D. Pa. Dec. 10, 2018) ("[F]actors relating to expense and efficiency tilt in favor of transferring the case, because the bankruptcy court has far more familiarity with the bankruptcy proceedings and the issues raised in the instant litigation as they relate to those proceedings."). Second, there is nothing to suggest that the parties would be unable to receive a fair hearing in the Southern District of Texas or why any judgment from the Southern District of Texas in this matter would be unenforceable, rendering these factors neutral. Third, Port Hamilton's choice of the Virgin Islands as the forum and the Virgin Islands' interest in resolving controversies related to the oil refinery located on St. Croix both weigh against transfer. However, the impact of these factors is mitigated where, as here, the Court's transfer "simply determines which court should make the ultimate decision as to forum" and "does not foreclose the possibility that this case will be remanded to state court." *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *7-8. Thus, the Court concludes that the Section 1412 factors—particularly considered in light of the strong presumption in favor of transfer to the home court—weigh in favor of a transfer to the Southern District of Texas.

Port Hamilton nonetheless contends that a transfer pursuant to Section 1412 is permissible only where the underlying action arises under Title 11 and is unavailable where, as here, the action

is merely asserted to be "related to" the bankruptcy proceeding from the home court. While the Court acknowledges that there is some support for this position, *e.g., Multibank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 623 (Bankr. S.D.N.Y. 2018), as explained in Section II.A, *supra*, both the Third Circuit and district courts within the Third Circuit have found to the contrary. *See Maritime Elec. Co*, 1992 U.S.App. LEXIS 5144, at *11-12; *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *5; *Tatum*, 2011 U.S. Dist. LEXIS 144831, at *3; *O'Brien*, 2014 U.S. Dist. LEXIS 89284, at *9. Similarly, this Court concludes that Section 1412 authorizes the transfer of cases related to bankruptcy proceedings, even if the claims themselves do not arise under Title 11. Thus, Port Hamilton's argument to the contrary presents no barrier to a transfer here.

In light of the fact that the Section 1412 factors weigh in favor of a transfer to the Southern District of Texas, the Court further finds that reconsideration of its July 18, 2024 Order referring the pending Motions in this case for an R&R is necessary to prevent manifest injustice. "[M]anifest injustice generally means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Newrez*, 2024 U.S. Dist. LEXIS 27885, at *3 (quoting *Greene v. Virgin Islands Water & Power Auth.*, No. 06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *2 (D.V.I. Oct. 5, 2012)). Here, Ocean Point presented the issue of a transfer pursuant to Section 1412 to the Court through its Motion to Transfer on February 15, 2024. (Dkt. No. 2). By referring the pending Motions—including the Motion to Remand—for an R&R, the Court overlooked the fact that, generally, "courts defer to the home court of the bankruptcy to decide the issue of remand" by transferring the case pursuant to Section 1412. *Thomason Auto*, 2009 U.S. Dist. LEXIS 22669, at *12; *see also Waleski*, U.S. Dist. LEXIS 208727, at *9-10 ("In contexts such as this one, where a party's claims either arise out of or relate to a bankruptcy proceeding that is pending or was administered in another court, courts have generally found that motions to transfer venue should

be considered before a motion for remand or dismissal."). Thus, reconsideration and vacatur of the Court's Order referring this matter for an R&R is necessary to correct the Court's oversight of the strong presumption in favor of the home court addressing the subject matter jurisdiction/remand issues.

For these reasons, the Court will transfer the case to the United States District Court for the Southern District of Texas. While Ocean Point requests a transfer directly to the United States Bankruptcy Court for the Southern District of Texas, the proper procedure in these circumstances is to transfer the action to the district court, which may then refer the case to the bankruptcy court. *See* 28 U.S.C. § 1412 (emphasis added) ("A district court may transfer a case or proceeding under title 11 *to a district court for another district*, in the interest of justice or for the convenience of the parties."); *see also Tang v. Citic Capital Holdings Ltd.*, Civil Action No. 21-17008, 2022 U.S. Dist. LEXIS 184505, at *29 (D.N.J. Oct. 7, 2022) (explaining that Section 1412 does not authorize transfers directly to a bankruptcy court).[1]

## IV.   CONCLUSION

In view of the foregoing, Ocean Point's Motion to Transfer will be granted to the extent that it seeks a transfer to the Southern District of Texas and will be denied to the extent that it seeks a transfer to the United States Bankruptcy Court for the Southern District of Texas. The case will

---

[1] In its Motion for Reconsideration, Ocean Point also requests that the Court refer this matter to the District Court of the Virgin Islands Bankruptcy Division. (Dkt. No. 23 at 1). Rule 5011-1 of the Local Bankruptcy Rules provides that, "*[u]nless otherwise provided by Order of the District Court*, any or all proceedings arising under [the United States Bankruptcy Code] or arising in or related to a case under [the United States Bankruptcy Code] are automatically referred to" the District Court of the Virgin Islands Bankruptcy Division. Local Bankruptcy Rule 5011-1 (emphasis added). Here, the Court's Order provides otherwise—transferring the case to the United States District Court for the Southern District of Texas, which is the home court. As such, Ocean Point's request for a referral to the District Court of the Virgin Islands Bankruptcy Division will be denied.

be transferred to the United States District Court for the Southern District of Texas. Ocean Point's Motion for Reconsideration will be granted to the extent that it seeks a vacatur of the Court's July 18, 2024 Order referring the pending motions in this case for a Report & Recommendation, and will be denied to the extent that it requests that the Court refer the matter to the District Court of the Virgin Islands Bankruptcy Division. Further, Port Hamilton's Motion to Remand and Motion to Dismiss will be denied as moot, to the extent that they relate to this Court's adjudication of the issues raised.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2024                       _____/s/_____
                                              WILMA A. LEWIS
                                              District Judge